IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SADIS & GOLDBERG, LLP,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**AKSHITA BANERJEE, THE SASB IRREVOCALE TRUST DATED JUNE 14TH, 2014, and ANANT J. GANDHI AS TRUSTEE and ALL SUCCESSOR TRUSTEES,**<br><br>**Defendants.** | Civil Action No. 2:21-cv-961 |

**MOTION FOR LEAVE TO FILE EX PARTE COMPLAINT FOR EQUITABLE AND LEGAL RELIEF AND MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

Plaintiff, Sadis & Goldberg, LLP ("Sadis" or "Plaintiff"), by its undersigned counsel, files this Motion for Leave to File Ex Parte Complaint for Equitable and Legal Relief and Motion for Preliminary Injunction and Temporary Restraining Order ("Motion for Leave") averring as follows:

1. Contemporaneous with the filing of the within Motion for Leave, Plaintiff filed in-person with the Western District's Clerk's Office a Complaint for Equitable and Legal Relief ("Complaint"), a Motion for Preliminary Injunction and Temporary Restraining Order ("Motion for Injunctive Relief") and a Brief in Support of its Motion for Injunctive Relief ("Brief").

2. It is Plaintiff's understanding that until the Court rules on the within Motion for Leave, the Complaint, Motion for Injunctive Relief and Brief will be docketed under a miscellaneous number and will not be made public.

{00414650.DOCX; 1}

3. Plaintiff's Complaint raises claims of fraudulent transfer under the Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa. C.S. § 5104 and civil conspiracy to commit fraudulent transfers against all named Defendants and aiding and abetting fraudulent transfers against Anant J. Gandhi.

4. A thorough recitation of the history between Plaintiff and Defendants is set forth in the Complaint and incorporated by reference herein.

5. Defendant Akshita Banerjee ("Mrs. Banerjee") and her husband Sumanta Banerjee ("Mr. Banerjee") (together the "Banerjees") have engaged in fraudulent conduct to avoid paying their debt to Plaintiff for at least seven years, including lying under oath, destroying documents, and refusing to accept or lying about accepting service.

6. Most egregious have been their repeated fraudulent transfers—constantly moving assets from one family member to another and from one entity to another to prevent Plaintiff from collecting the debt owed.

7. This case is related to the case filed by Plaintiff against Mr. and Mrs. Banerjee docketed at 2:19-cv-01682 (AJS), wherein Plaintiff obtained a judgment against the Banerjees for $593,956, plus the costs of suit (the "Judgment") on February 20, 2020.

8. Since that time, the Banerjees have failed to pay the Judgment they owe—itself the product of a much older debt that Mr. Banerjee has owed to Sadis since 2009. Instead, the Banerjees' legal filings and maneuverings, which are outlined in Plaintiff's Complaint, have revealed a concerted attempt to fraudulently transfer and conceal assets to prevent their use to pay off the Judgment against them.

9. Now, Plaintiff has discovered that Mr. and Mrs. Banerjee created the Defendant SASB Irrevocable Trust Dated June 14th, 2014 (the "SASB Trust") and, with the assistance of

Mrs. Banerjee's father, Defendant Anant J. Gandhi ("Gandhi"), have repeatedly fraudulently transferred money and assets into the SASB Trust to prevent Plaintiff from collection on its debt. This discovery serves as the basis for the Complaint in the instant action.

10. Plaintiff reasonably fears that serving the Complaint prior to seeking relief through its Motion for Injunctive Relief will trigger Defendants to intentionally transfer assets out of the SASB Trust for the purposes of hindering or delaying Plaintiff's efforts to collect on its valid judgment against Mrs. Banerjee.[1]

11. Permitting Plaintiff to file its Complaint, Motion for Injunctive Relief and Brief ex parte is both proper and necessary because Mrs. Banerjee's repeated fraudulent transfers, willingness to lie under oath, and refusal to pay the Judgment against her, create a well-founded concern that Mrs. Banerjee will transfer assets out of the SASB Trust upon notice of the action to recover the assets of the Trust.

---

[1] Plaintiff recognizes that this Court's local rules allow for the entry of injunctive relief without notice to the Defendants only upon a showing that Plaintiff made efforts to give notice. Nonetheless, the authority discussed in Plaintiff's Motion for Injunctive Relief, which is incorporated by reference herein, expressly permits a court to enter an ex parte order when the plaintiff reasonably fears that a defendant will again transfer assets for the purpose of evading creditors if given advance notice of the initiation of litigation. *See, e.g., F.T. Int'l, Ltd. v. Mason*, 2000 U.S. Dist. LEXIS 14979, *2 n.1 (E.D. Pa. Oct. 11, 2000) (acknowledging that an order freezing assets may be granted ex parte when the "plaintiff reasonably fears that with advance notification, [the defendant] would alienate or secrete the funds before a hearing could be held"); *Allstate Ins. Co. v. Davidson Med. Group*, 2004 U.S. Dist. LEXIS 20987, at *7-8 (E.D. Pa. Oct. 18, 2004) (citing *United States ex rel. Rahman v. Oncology Assocs.*, 198 F.3d 489 (4th Cir. 1999)) ("[A] plaintiff may obtain a prejudgment freeze on a defendant's assets only if he has asserted a cognizable equitable claim, has demonstrated a sufficient nexus between that claim and specific assets of the defendant which are the target of the injunctive relief, and has shown that the requested interim relief is a reasonable measure to preserve the status quo in aid of the ultimate equitable relief claimed."); *Juul Labs, Inc. v. 4X PODS*, 439 F.Supp.3d 341, 349 (D.N.J. Feb. 13, 2020) (citing *Grupo Mexicana de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999)) (finding that the *Grupo* decision permits the use of a prejudgment asset freeze to preserve plaintiff's ability to enjoy the equitable remedies it seeks).

12. Preserving the status quo by the issuance of the preliminary injunctive relief requested by Plaintiff is necessary to aid this Court in adjudicating the equitable relief claimed.

13. In its Complaint, Plaintiff seeks to impose a constructive trust and the appointment of a receiver over the assets fraudulently transferred into the SASB Trust and therefore a preliminary injunction freezing those assets will aid this Court in ultimately imposing the equitable relief requested. *See Rahman*, 198 F.3d at 498 (upholding the district court's order freezing defendant's assets because "[i]mposing a constructive trust over assets obtained through fraud or voiding fraudulent transfers of assets necessarily requires that those assets be preserved", and the mandates in the requested order were "designed to enable or aid the district court in giving the relief requested in the complaint").

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order granting Plaintiff leave to file ex parte its Complaint for Equitable and Legal Relief, its Motion for Preliminary Injunction and Temporary Restraining Order, and its Brief in Support of Motion for Preliminary Injunction and Temporary Restraining Order.

Respectfully submitted,

MEYER, UNKOVIC & SCOTT LLP

By: /s/ Robert E. Dauer
Robert E. Dauer
PA I.D. #61699
red@muslaw.com
Kate E. McCarthy
PA. I.D. #325771
kem@muslaw.com
Henry W. Oliver Building
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222-2315
(412) 456-2800
(412) 456-2864/Fax

Counsel for Plaintiff Sadis & Goldberg, LLP